FILED

97 JUN 11 PM 3:21

U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**Southern Division**

Oliver L. Williams,
Plaintiff(s);

-vs.-

Handy TV Appliance, Inc.,
Defendant(s).

No. CV 96-P-0054-S

ENTERED

JUN 11 1997

**OPINION**

For the forgoing reasons, the Defendant's Motion for Summary Judgment is hereby GRANTED.

**Facts**[1]

The Plaintiff Oliver L. Williams ("Williams"), an African-American male, was employed by the Defendant Handy TV Appliance, Inc. ("Handy TV") in the Delivery and Installation Department from April 1992 to August 1994. As part of his regular duties, Williams drove a delivery truck for Handy TV. It was Handy TV's policy to test randomly employees who drove company vehicles as part of their regular duties. In May 1994, pursuant to Handy TV's unwritten drug policy, Williams and others were sent to a laboratory for a random drug test. Williams and another employee, Lee Toler, were reported as having tested positive for drugs. Williams and Toler were suspended and allowed to take another test the next day at their own expense. Both of them tested negative on the second test and were reinstated. Toler is also an African-American male. In July 1994, in response to an Alabama statute requiring written drug policies in the

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

25

workplace, Handy TV adopted a written drug policy.[2] On July 18, 1994, Williams filed an EEOC charge claiming that he had been denied a pay raise because of the positive drug test and complaining among other things that he was given poor tools and equipment. On August 16, 1994, Williams and Toler were asked to take another drug test. Williams refused to take the test and was terminated. Toler took the test, tested positive and was terminated.

Williams filed this lawsuit claiming violations of Title VII and 42 U.S.C. § 1981. He alleged that he was discriminatorily denied pay increases, given poor tools, equipment and vehicles, discriminatorily retested in retaliation for his filing of an EEOC charge. Handy TV has filed this Motion for Summary Judgment.

### Analysis[3]

Under Title VII and § 1981, a plaintiff must make a prima facie showing of racial discrimination. Where the plaintiff complains of disparate treatment regarding disciplinary action, he can establish a prima facie case if he can show that an action was taken against him but not against one outside his class who is similarly situated.[4] The activity of the plaintiff must have been nearly identical to that of the other employee who was treated differently.[5] If the plaintiff makes this prima facie showing, the burden shifts to the defendant to articulate a legitimate non-

---

2. The policy statement which Williams signed stated that "[w]e [Handy TV] require all drivers of company delivery trucks to pass a standard DOT physical including drug screening."

3. In his brief, the Plaintiff states that he is no longer pursuing his claims for discriminatory pay and working conditions. He is only pursuing the Title VII and § 1981 claims as it relates to the drug testing. Plaintiff's brief p. 10, fn. 5.

4. See, *Davin v. Delta Air Lines, Inc.*, 678 F.2d 567, 570 (5th Cir. 1982).

5. *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181 (1984).

2

discriminatory reason for its actions.[6]  Where the plaintiff is alleging retaliation, he must show a causal connection between the adverse employment action and the filing of the EEOC charge.[7]

Handy TV argues that Williams has failed to establish a prima facie case for either his discrimination claim or his retaliation claim. The court agrees with Handy TV. Williams has claimed racial discrimination and retaliation for filing an EEOC charge in his selection for a drug test in August 1994. In support of his allegations racial discrimination, Williams produced evidence that many white employees were not selected for drug testing. However, Handy TV has produced evidence that twenty African-American employees were also not tested. This evidence is also consistent with Handy TV's policy for testing only employees who drove company vehicles as a regular part of their duties.

Williams is has not produced evidence of comparators outside of his class who were treated differently. In fact, Handy TV has produced substantial evidence that all white employees who had tested positive for drug use were immediately terminated. Williams and Toler, two African-American employees, were only suspended and allowed to take another test. Contrary to Williams' allegation, both Williams and Toler were selected by name for retesting in August. Williams claims that racial discrimination motivated his being singled out for a re-test in August. However, Williams can identify no white employee who had tested positive on a prior test who was not retested. Williams points only to Donald Dancy, an African-American employee, who had once tested positive but was not retested in August. Dancy, however, was retested in May 1994 at the same time that Williams and Toler had tested positive. Dancy tested negative in May.

---

6. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

7. *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491 (11th Cir. 1989).

3

Therefore, Dancy is not an appropriate comparator both because he is also African-American and because his situation is distinguishable from Williams.

In support of his retaliation claim, Williams places an emphasis on a twenty-five day delay from the time he took the test in May 1994 to the time when he was notified that the test was positive. However, there is no evidence that Handy TV was in any way responsible for the delay. Williams also argues that he was the first person chosen to be tested after the written policy was implemented. In contradiction, Handy TV has introduced undisputed evidence that two other employees were tested after the written policy was implemented and before Williams was tested.[8/] Also contrary to Williams' allegation that he was the only one selected for another test, Toler too was selected by name to be retested. Toler had not filed an EEOC charge and he took the test in August. In addition, Williams argues that the timing of his selection for a second test as being so close to the filing of the EEOC charge is evidence of retaliation. The Eleventh Circuit has repeatedly stated that timing alone is insufficient to create an issue of fact with respect to pretext.[9/] Therefore, without any additional evidence, Williams cannot establish a prima facie case of retaliation.

In its brief, Handy TV argues that, even if Williams makes his prima facie showing as to the racial discrimination claim, the company has articulated a legitimate, non-discriminatory reason for selecting him for the August test and for terminating him for his refusal to do so. Handy TV's articulated reason for asking Williams to be retested was the previous positive test

---

8. The two employees were Williams Jowers, a white employee, and Howard Kelley, an African-American employee

9. *See, Tipton* at 1495

result. Williams' termination was a result of his refusal to take the test. This reason is not facially discriminatory nor is it retaliatory.

Under *Burdine*, if the defendant has articulated a non-discriminatory reason for its action, the plaintiff must come forward with evidence that the stated reason is a pretext or "sham."[10] In this case, Williams has not offered sufficient evidence that other employees were treated differently from which a discriminatory intent might be inferred. Williams claim that others were treated differently is simply not supported by evidence sufficient to raise a genuine question of material fact. There is also insufficient evidence of a causal link between the filing of the EEOC charge and the decision to retest Williams.

### Conclusion

Because Williams has failed to establish a prima facie case for either discrimination or retaliation in his selection for a retest, Handy TV's Motion for Summary Judgment is hereby GRANTED.

Dated: June 11, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
  Mr. Rocco Calamusa Jr.
  Mr. Michael Quinn
  Mr. Barry V. Frederick
  Mr. Spencer A. Kinderman

---

10. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981).